```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAMERAN YAKOB,

                                  Plaintiff,                        25-CV-04286 (AT)(SN)

        -against-                                                **ORDER**

LALAV GROUP OF COMPANIES, et al.,

                                Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff filed a motion to seal the complaint and associated filings and to make them accessible only to the Court and the parties. ECF No. 4. He asks for the documents to be filed under seal because they may contain personal identifying information, and Plaintiff believes he may suffer harm if the documents are not sealed.

      A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). Generally, the public has a common law right of access to judicial documents. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978). "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 140 (2d Cir. 2016) (internal quotation marks omitted). "[P]ublic access to the complaint and other pleadings has a 'significant positive role,' in the functioning of the judicial process." Id. at 141 (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006)).

Because the complaint is the case initiating document, it has the highest presumption of public access. The right of public access overwhelmingly weighs against the sealing request. The public's right to access court filings may, however, be overcome by compelling interests. The harm Plaintiff identifies is a harm he anticipates *from a Defendant*. Placing these documents under seal for view only by the Court and parties does not address the concern of harm because *the parties will have access to the filings*. Therefore, Plaintiff's motion to seal the complaint is DENIED, with leave to renew the motion at an appropriate time if necessary.

Plaintiff also submitted a letter brief regarding service and personal jurisdiction. ECF No. 32. Attached to that submission is an exhibit containing sensitive, personally identifying information of two Defendants. ECF No. 32-3. Personal identifying information such as "home addresses, personal phone numbers, and email addresses, that is not public" should be sealed unless that information bears on issues before the Court. Anderson v. New York City Health & Hosps. Corp., No. 16-CV-1051 (GBD)(KHP), 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020). The Court has reviewed the documents and determined that the personally identifying information in Exhibit C warrants sealing. See Fed. R. Civ. P. 5.2(d).

## CONCLUSION

The Clerk of Court is requested to unseal ECF Nos. 1-7 and deny the motion to seal at ECF No. 4. The Clerk of Court is, however, directed to seal Exhibit C of Plaintiff's letter at ECF No. 32-3.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   August 6, 2025
         New York, New York