UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KAMERAN YAKOB,

                              Plaintiff,                          25-CV-04286 (AT)(SN)

          -against-                                  **ORDER**

LALAV GROUP OF COMPANIES, et al.,

                              Defendants.

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

     Plaintiff moves for leave to effect alternative service on Defendants, pursuant to Federal Rule of Civil Procedure Rule 4(f)(3). Plaintiff served Defendants Lalav Group of Companies ("Lalav"), Choli Mohammed Rasheed ("Rasheed"), and Masrour Barzani ("Barzani") at the Kurdistan Regional Government Representative's Office in Washington, D.C. The Court indicated that Plaintiff may request a Certificate of Default from the Clerk of Court and subsequently move for default judgment, but if he requests an entry of default, he will have the burden of establishing that service by mail to this Office was proper service for all three Defendants. ECF No. 23. Plaintiff sought a Certificate of Default from the Clerk of Court, but his filing was rejected because service was not effectuated properly, and Plaintiff did not obtain an order granting alternative service. See ECF No. 29. Plaintiff then filed a motion for leave to effect alternative service. ECF No. 32. The motion for leave to effect alternative service on all Defendants is GRANTED.

## DISCUSSION

### I.  Rule 4(f) Service

Service on foreign individuals like Defendants Rasheed and Barzani is governed by Federal Rule of Civil Procedure 4(f). Service on a foreign corporation like Lalav Group of Companies is governed by Rule 4(h). Rule 4(h)(2) provides that service may be effected on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual," except personal service. Fed. R. Civ. P. 4(h)(2). Therefore, Rule 4(f) governs service for all Defendants in this case.

Rule 4(f)(1) permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Under Rule 4(f)(2), if there is no internationally agreed means, service may be effectuated "by a method that is reasonably calculated to give notice," subject to enumerated restrictions. Finally, Rule 4(f)(3) provides that service can be effected "by other means not prohibited by international agreement, as the court orders."

There is no internationally agreed means for Plaintiff to serve Defendants. Defendants Rasheed and Barzani reside in Iraq, and Defendant Lalav is an Iraqi corporation. Iraq is not a signatory to the Hague Convention. See Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Mar. 21, 2024). Service "by other means" under Rule 4(f)(3) is the only option available to Plaintiff.

**II.     Rule 4(f)(3) Alternative Service at the Kurdistan Regional Government Representative's Office**

Alternative service is proper as to all Defendants. "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (quoting Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)) (internal quotation marks omitted). In exercising this discretion, courts have sometimes required a party seeking alternative service to show "(1) . . . that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) . . . that the circumstances are such that the court's intervention is necessary." Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018) (quoting Devi v. Rajapaska, No. 11-CV-6634 (NRB), 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012)). Although the Federal Rules do not explicitly require this showing, courts have viewed it as necessary "to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 266 (internal quotation marks omitted).

"A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 514 (S.D.N.Y. 2013) (quoting SEC v. Anticevic, No. 05-CV-6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)). To satisfy due process, the notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Luessenhop v. Clinton County, New York, 466 F.3d 259, 269 (2d Cir. 2006) (citing Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

Plaintiff asks the Court to approve alternative service on all Defendants through service by mail at the Washington, D.C. Kurdistan Regional Government Representative's Office. Because Plaintiff has reasonably attempted to effectuate service on Defendants and the circumstances are such that alternative service is necessary, the Court finds that service by mail at this Office is an approved method of alternative service for all three Defendants under Rule 4(f)(3).

### III.     Rule 4(f)(3) Alternative Service through Additional Means

Though the Court "need only select one reliable mechanism," In re South African Apartheid Litig., 643 F. Supp. 2d 423, 437 (S.D.N.Y. 2009), and "'[n]o one form of substitute service is favored over any other,'" RSM Prod. Corp. v. Fridman, No. 06-CV-11512 (DLC), 2007 WL 2295907, at *4 (S.D.N.Y. Aug. 10, 2007) (quoting Int'l Controls Corp. v. Vesco, 593 F.2d 166, 176 (2d Cir. 1979)), service at other locations is likely to apprise interested parties in this action. The Court has determined that there are additional methods of serving two Defendants that may increase the likelihood that the service will result in full and fair notice. Therefore, Plaintiff shall serve Defendants Lalav and Barzani through the means outlined below.

As to Defendant Lalav, Plaintiff shall email a copy of the summons and complaint to Defendant Lalav at info@lalav.com, which appears to be a contact email for the corporation. Service by email on a foreign defendant meets constitutional standards of due process. Elsevier, Inc., 287 F. Supp. 3d at 379 (collecting cases). Lalav Group also appears to have a LinkedIn profile. To the extent he is able, Plaintiff is directed to transmit the summons and complaint to Defendant Lalav through a private message on this platform. Service through social media, when combined with other methods of service, has been found to comport with due process. See, e.g., FTC v. PCCare 247 Inc., No. 12-CV-7189 (PAE), 2013 WL 841037, at *5-6 (S.D.N.Y. Mar. 7,

4

2013) (authorizing service through both email and Facebook); Hardin v. Tron Found., No. 20-CV-2804 (VSB), 2020 WL 5236941 (S.D.N.Y. Sept. 1, 2020) (authorizing service through two email addresses and a LinkedIn account).

As to Defendant Barzani, Plaintiff shall mail a copy of the summons and complaint to Defendant Barzani at the following address:

> MASROUR BARZANI
> c/o Kurdistan Regional Government
> Office of the Prime Minister
> Council of Ministers
> 44001 Erbil
> Kurdistan Region, Iraq

The Court takes judicial notice of the fact that this address has been used to serve Defendant Barzani in an action in the Eastern District of Virginia where Defendant Barzani appeared and defended the case. See Mot. at Exhibit D; see also Hassan v. Barzani, No. 1:22-CV-1288 (TSE)(IDD) (E.D. Va.), Dkt. No. 8-9.

Plaintiff shall additionally mail a copy of the summons and complaint to Joe R. Reeder at the law firm Greenberg Traurig LLP, at 2101 L St., NW, Suite 1000, Washington, D.C. 20037. Plaintiff shall email a copy of the summons and complaint to Mr. Reeder at reederj@gtlaw.com. Mr. Reeder accepted service on behalf of Defendant Barzani in the Eastern District of Virginia action. See Hassan, No. 1:22-CV-1288 (TSE)(IDD), Dkt. No. 9.

**IV.    Service under the Foreign Sovereign Immunities Act**

Plaintiff argues that the Foreign Sovereign Immunities Act (FSIA) governs service in this case. It does not. He cites 28 U.S.C. § 1608 in his motion, noting that section 1608(a)(3) permits service "by mailing the summons and complaint to the head of the foreign state or political subdivision." Mot. at 2. But Plaintiff is not suing a foreign state or political subdivision. He sues a foreign individual, a foreign corporation, and a foreign head of state. The Foreign Sovereign

Immunities Act's provision governing service of foreign states and political subdivisions does not apply. See Samantar v. Yousuf, 560 U.S. 305, 315-19 (2010) (holding that "foreign state" in the FSIA does not include officials acting on behalf of a foreign state). In some situations, an action against a foreign official implicates the related foreign sovereign such that the action is considered an action against the foreign state itself. See Hussein v. Maait, 129 F.4th 99 (2d Cir. 2025). But the Court need not determine yet whether this action is one that is essentially against the foreign state and whether immunity is implicated.

Plaintiff also cites 28 U.S.C. § 1605, arguing that the commercial activity exception of this section of the FSIA applies and sovereign immunity is not implicated. Mot. at 2. The Court need not consider the issue of immunity at this stage.

## CONCLUSION

By August 18, 2025, Plaintiff shall serve a copy of this Order on all Defendants by mail at the Kurdistan Regional Government Representative's Office in Washington, D.C. By the same date, Plaintiff shall serve a copy of the summons and complaint (1) on Defendant Lalav through email and LinkedIn; and (2) on Defendant Barzani through his address in Iraq, Mr. Reeder's law firm address, and Mr. Reeder's email address. Plaintiff shall file proof of service of these documents on the docket.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   August 11, 2025
         New York, New York