USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 7/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kameran Yakob,

Plaintiff,

-against-

Lalav Group of Companies,
Choli Mohammed Rasheed,
Masrour Barzani,

Defendants.

25 Civ. 4286 (AT) (SN)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Kameran Yakob, filed this action against Defendants, Lalav Group of Companies ("Lalav Group"), Choli Mohammed Rasheed, and Masrour Barzani, alleging breach of a purported October 2024 commission agreement ("the Agreement"). *See generally* Compl., ECF No. 1.[1] On September 8, 2025, the Clerk of the Court entered certificates of default against all three Defendants. *See* ECF Nos. 44–46. That same day, Barzani appeared through counsel and moved to set aside the certificate of default against him and to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See* ECF Nos. 47, 51. Plaintiff then filed a motion for default judgment against Defendants Lalav Group and Rasheed. *See* ECF No. 54.

Before the Court is the report and recommendation ("R&R") of the Honorable Sarah Netburn, which recommends that the Court: (1) grant Plaintiff's motion for default judgment against Defendants Rasheed and Lalav Group; (2) grant Barzani's motion to set aside the certificate of default; (3) grant Barzani's motion to dismiss for lack of personal jurisdiction

[1] Plaintiff is the founder and principal of a clean-energy startup incorporated and operating in New York. Compl. ¶ 15. Defendant Lalav Group is a company based in Erbil, Iraq, with Defendant Rasheed serving as its chairman. *Id.* ¶¶ 16–17. Defendant Barzani is a "majority stakeholder, financier, and silent partner" of Lalav Group and is a "high-profile political figure from the Kurdistan Region of Iraq." *Id.* ¶ 18.

without first providing Plaintiff jurisdictional discovery; and (4) dismiss Plaintiff's claims against Barzani without prejudice but with leave to amend his complaint. *See* R&R at 1, ECF No. 74. Also before the Court are Plaintiff's "limited objections" to the R&R, Pl. Objs. ¶1, ECF No. 75,[2] as well as Barzani's response, which includes an objection of his own, *see* Resp., ECF No. 78. For the reasons stated below, both parties' objections are OVERRULED, and the Court ADOPTS the well-reasoned R&R in its entirety.

**DISCUSSION[3]**

I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480

[2] In accordance with Plaintiff's letter request dated June 16, 2026, the Court treats the filing at ECF No. 75 as Plaintiff's operative objection letter and disregards the filing at ECF No. 76. *See* ECF No. 77 (Plaintiff's letter).
[3] The Court assumes familiarity with the facts and procedural history as outlined in the R&R and does not repeat them here. *See* R&R at 2–5.

(S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

## II. Analysis

### A. Uncontested Conclusions

Neither Plaintiff nor Barzani object to Judge Netburn's recommendations to grant Plaintiff's motion for default judgment against Defendants Rasheed and Lalav Group and to grant Barzani's motion to set aside the certificate of default entered against him. After reviewing these two well-reasoned recommendations for clear error, and finding none, the Court adopts them.

B. Plaintiff's Objections

Plaintiff makes six objections to the R&R. The first four pertain to Judge Netburn's conclusion that Barzani's 12(b)(2) motion should be granted "before Plaintiff is allowed any targeted jurisdictional discovery." Pl. Objs. ¶ 2; *see also id.* ¶¶ 5, 9, 16, 21, 26 (arguing that jurisdictional discovery is warranted).[4] The two other objections are relevant "only to the extent that the [R&R] could be read to limit Plaintiff's ability to prove the full default judgment amount. . . [including] technology delay damages" against Lalav Group and Rasheed. *Id.* ¶ 31; *see id.* ¶ 36. The Court need not address the final two objections because they relate to the types of damages Plaintiff may seek in the future damages inquest and are, therefore, premature and outside of the scope of the R&R.

C. Jurisdictional Discovery

Barzani argues that the Court should review Judge Netburn's conclusion regarding jurisdictional discovery for clear error because the "recommendation to deny jurisdictional discovery is a 'non-dispositive" ruling." Resp. at 5; *see* Fed. R. Civ. P. 72(a). The Court need not resolve whether the issue of jurisdictional discovery is dispositive because the Court would reach the same conclusion under either a *de novo* or clearly erroneous standard of review.

A plaintiff is not awarded jurisdictional discovery as of right. Instead, jurisdictional discovery may be warranted if the Plaintiff has "made a sufficient start toward establishing personal jurisdiction." *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547 (S.D.N.Y. 1994). That is, a plaintiff must include "allegations [that] are sufficient to articulate a colorable basis for personal jurisdiction, which could be established with further development of the

[4] The Court construes Plaintiff's objections as claiming only that Plaintiff has demonstrated enough to warrant jurisdictional discovery but not that Plaintiff has already made out a *prima facie* case for personal jurisdiction to defeat Barzani's 12(b)(2) motion outright. *See e.g.*, Pl. Objs. ¶ 2 ("Plaintiff asks the Court not to dismiss Barzani before permitting limited discovery. . . .").

factual record." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 195 (E.D.N.Y. 2014); *see also Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201, 2006 WL 587342, at *5 (S.D.N.Y. Mar. 9, 2006) ("[Jurisdictional] discovery has typically been authorized where the plaintiff has made 'a threshold showing that there is some basis for the assertion of jurisdiction, facts that would support a colorable claim of jurisdiction.'" (citation omitted)). "[S]parse," "insufficiently specific," and "conclusory" allegations are not enough to warrant jurisdictional discovery and stave off a dismissal for lack of personal jurisdiction. *Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738, 739 (2d Cir. 2002) (citations omitted).

Affording Plaintiff the leniency owed to *pro se* litigants, the Court finds that Plaintiff's conclusory allegations fail to show a sufficient start towards demonstrating this Court's jurisdiction over Barzani.

Plaintiff concedes that Barzani is not a resident of New York, Compl. ¶ 11, and did not personally sign the Agreement, which allegedly is governed by New York law. Pl. Objs. ¶ 18. Thus, Plaintiff claims neither that this Court has general jurisdiction over Barzani nor that Barzani's personal contacts with New York are substantial enough to confer specific personal jurisdiction under New York's long-arm statute. *See id.* ¶¶ 18–20. Instead, Plaintiff's argues that "[i]f Lalav Group and Rasheed acted as Barzani's controlled agents, alter egos or business instruments, then Lalav Group's New York-directed conduct may be relevant to jurisdiction over Barzani." *Id.* ¶ 18; *see also id.* ¶¶ 13–15; N.Y. C.P.L.R. § 302(a) (authorizing jurisdiction where the defendant transacts business in New York and the claim arises from that transaction). Yet, Plaintiff provides nothing more than conclusory allegations to support this theoretical relationship between Barzani and the other Defendants. For example, Plaintiff cites a report from the American Enterprise Institute that "ruling elites in the Kurdistan Region [where Barzani

is from] direct lucrative infrastructure and construction projects to favored entities, including Lalav Group. . .” to justify Plaintiff’s assertion that “Lalav Group’s billion-dollar projects cannot be separated from Barzani’s personal and financial influence.” Pl. Opp. Mem. at 2; *see also* Pl. Objs. ¶ 29. But Plaintiff has failed to show that the alleged behavior by Kurdistani elites applies to Barzani’s specific relationship with Lalav Group. These allegations are, therefore, insufficient to warrant jurisdictional discovery.

Plaintiff alternatively seeks jurisdictional discovery so he may show personal jurisdiction under New York Civil Practice Law and Rules § 302(a)(3) due to an alleged out-of-state tortious act that caused injury in New York. *See* Pl. Objs. ¶ 22; Pl. Opp Mem. at 9. Plaintiff alleges that after he sought payment under the Agreement, Raheed told him, “You should never come to Erbil because they will kill you.” Compl. ¶ 25. Plaintiff claims that “Rasheed invoked Barzani’s influence when threatening Plaintiff” and argues that this “support[s] a reasonable basis to investigate whether Lalav Group functioned as Barzani’s controlled commercial instrument in the transaction at issue.” Pl. Objs. at ¶ 22; *see also* Compl. ¶ 4. It does not. As Judge Netburn observed, “Plaintiff does not allege any nonconclusory facts showing that Barzani directed Rasheed to make the threat, knew of it in advance, authorized it or later ratified it.” R&R at 17.

Plaintiff finally asserts that “publicly available materials and related federal proceedings concerning Barzani . . . demonstr[ate] that [Plaintiff’s] request for targeted jurisdictional discovery is reasonable, grounded in objective public information, and not based on mere speculation.” Pl. Objs. ¶ 27. Plaintiff then cites unproven allegations in a case in this District, *Jamil v. Barzani*, No. 26 Civ. 1654, 2026 WL 1694299 (S.D.N.Y.), that was dismissed without leave to amend; another case in this District, *United States v. Kozel*, No. 19 Cr. 460 (S.D.N.Y.), which names no Defendant in this action; and a case filed in the District of Delaware against

Barzani, *Jamil v. Barzani et al.*, No. 26 Civ. 493 (D. Del.), which is ultimately irrelevant to Plaintiff's jurisdictional claims. *See* Pl. Objs. ¶ 28–29.

Ultimately, Plaintiff has not made, or even begun to make, a "sufficient start" at proving this Court can exercise personal jurisdiction over Barzani. Accordingly, the Court adopts Judge Netburn's recommendation to dismiss Barzani from this action for lack of personal jurisdiction.

D. Dismissal Without Prejudice and Leave to Amend

Judge Netburn recommended granting Plaintiff leave to amend the complaint "if [he] has a good faith basis for pleading facts that might establish personal jurisdiction" over Barzani. R&R at 1. Barzani objects. *See* Resp. at 1. Considering Plaintiff's *pro se* status, *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999), as well as the Federal Rules' and our Circuit's strong preference for granting parties' leave to amend, *see, e.g.*, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), the Court overrules Barzani's objection and grants Plaintiff leave to amend the compliant.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's and Barzani's objections to the R&R and ADOPTS the R&R in full. Barzani's motion to set aside the certificate of default is GRANTED. Barzani's motion to dismiss the claims against him is GRANTED. Plaintiff's motion for default judgment against Lalav Group and Rasheed is GRANTED. Plaintiff's claims against Barzani are DISMISSED WITHOUT PREJUDICE. By **September 28, 2026**, Plaintiff may amend his complaint if he has a good faith basis for pleading facts that might establish this Court's personal jurisdiction over Barzani. The Court refers this case to Judge Netburn for an inquest on damages and costs as to Defendants Lalav Group and Rasheed.

The Clerk of the Court is respectfully directed to terminate Defendant Barzani from the

docket as well as the motions at ECF Nos. 47, 51, and 54.

SO ORDERED.

Dated: July 30, 2026
New York, New York

ANALISA TORRES
United States District Judge